E. GRADY JOLLY, Circuit Judge,
Response To Dissent From The Denial of Rehearing En Banc:
With all due respect, the dissent is unnecessarily overwrought by the captioned opinion. Contrary to the dissent’s ominous outlook, Douglas v. DynMcDermott Petroleum, 144 F.3d 364 (5th Cir.1998) does not sound the death knell for the legal profession’s Title VII rights. Nothing in Douglas precludes an attorney from properly filing suit under Title VII; nor does Douglas abrogate an attorney’s right to seek redress for retaliatory discharge. Douglas merely holds that when an attorney pursues claims under Title VII, she must do so in a manner that does not violate her profession’s ethical code. Douglas, 144 F.3d at 376. Because Douglas neither reaches the result the dissent alleges, nor engages in the de novo review the dissent asserts, such lamentation over its result is unwarranted.
It should be noted that Douglas indeed recognizes as a valid means of revealing confidential information, the exceptions under Rule 1.6 of the Louisiana State Bar Articles of Incorporation, Rules of Professional Conduct, La.Rev.Stat.Ann. § 37:219 Ch.4 — App., Art. 16, which permits the disclosure, once disclosure becomes necessary in a legal dispute with the employer-client. Douglas, 144 F.3d at 376. Douglas further notes that Rule 1.6 does not bar opposition and protest in an attorney’s conversations, dialogue, and remonstrations with the employer-client. Id.
Notwithstanding the overstated contentions running repetitively throughout the dissent, a clear majority of our court properly has concluded that Douglas neither transgresses the McDonnell Douglas framework, nor deviates from the standards articulated in Rhodes v. Guiberson Oil Tools, 75 F.3d 989 (5th Cir.1996) (en bane) or Boeing Company v. Shipman, 411 F.2d 365 (5th Cir.1969) (en banc), overruled in part on other grounds, Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir.1997) (en banc).
For these reasons, the court has properly rejected the call for en banc in this case.